# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRY V. ANDERSON**
      **Defendant-Petitioner,**

   v.                                          **Case No. 14-C-0580**
                                                **(Criminal Case No. 12-CR-206)**

**UNITED STATES OF AMERICA**
      **Plaintiff-Respondent.**

## RULE 4 ORDER

On October 22, 2012, pursuant to an agreement with the government, petitioner Terry Anderson pleaded guilty to an information charging two counts of bank fraud. On May 14, 2013, I sentenced him to 45 months in prison, five years of supervised release, and $2,525,553.45 in restitution. He took no appeal, but on May 14, 2014, filed a motion under 28 U.S.C. § 2255 to vacate his sentence.

The district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §

2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013).

In his § 2255 motion, petitioner raises a single ground for relief: "Newly discovered evidence that could have reasonably changed the outcome of the case." (Motion at 4.) In support, he alleges:

> One of the banks I am accused of defrauding, AnchorBank, is currently being investigated by the United States Attorney's Office for the Western District of Wisconsin for criminal lending practices.
>
> This evidence would have changed the outcome of my case had this information been known to me prior to my agreement.

(Motion at 4.) He indicates that he did not appeal or raise this issue previously because the information was unknown at the time. (Motion at 5.) As relief, he asks that the court vacate his sentence or, in the alternative, transfer his sentence to home confinement. (Motion at 13.)

Petitioner fails to identify any constitutional or jurisdictional error, or other fundamental defect, in his plea or sentence. He does not, for instance, claim that his plea was unknowing or involuntary, or that he is innocent of the crimes to which he pleaded guilty. See United States v. Mays, 593 F.3d 603, 607 (7th Cir. 2010); Woodruff v. United States, 131 F.3d 1238, 1241-42 (7th Cir. 1997).[1] He seems to claim that knowledge of the AnchorBank investigation would have changed his decision to resolve the case, but even on direct appeal a plea cannot be undone just because the defendant subsequently learns that the government's case against

---

[1] Nor does he allege ineffective assistance of counsel in connection with the plea. See Hurlow v. United States, 726 F.3d 958 (7th Cir. 2013).

2

him was weaker than he thought at the time he entered it. See United States v. Bryant, 557 F.3d 489, 495-96 (7th Cir. 2009); United States v. Underwood, 174 F.3d 850, 853-54 (7th Cir. 1999).

In any event, petitioner draws no connection between the newly discovered evidence of alleged criminal lending practices by AnchorBank and his admitted fraud in procuring loans. As he stipulated in the plea agreement, from 2005 through 2008, petitioner applied for and obtained a series of loans from AnchorBank and Horicon Bank. In order to obtain the loans, he represented that the proceeds would be used to purchase real estate and pay for the costs of construction for various projects; instead, he used the loan proceeds to pay expenses associated with other projects and otherwise diverted the funds from their intended purpose. (Plea Agreement at 5-6.) There is accordingly no basis for vacating his plea or sentence. Nor does petitioner provide any authority for modifying his sentence to home confinement. See United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006) (noting that the district court generally lacks authority to modify a sentence).

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] substantial showing requires 'a demonstration that . . . reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

3

that the issues presented were adequate to deserve encouragement to proceed further.'" Narvaez v. United States, 674 F.3d 621, 626 (7th Cir. 2011) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

    Dated at Milwaukee, Wisconsin, this 22nd day of May, 2014.

                               /s Lynn Adelman
                               _____
                               LYNN ADELMAN
                               District Judge